UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 14-2218-JFW (KK) | Date: | October 27, 2016 |
| Title: | *Dennis Lamar Reed v. Fred Foulk* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner(s): | Attorney(s) Present for Respondent(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order Re: Petitioner's Voluntary Request for Dismissal of Habeas Corpus Without Prejudice, to Exhaust State Remedies [Dkt. 30]

On August 8, 2016, Respondent filed a Motion to Lift Stay ("Motion"), wherein Respondent requests that the Court lift the stay previously imposed and order Respondent to file a response to the Petition. ECF Docket No. ("Dkt.") 26. In response, Petitioner filed a "Voluntary Request for Dismissal of Habeas Corpus Without Prejudice, To Exhaust State Remedies" ("Request"). Dkt. 30. Petitioner's Request is ambiguous because Petitioner's single claim for habeas relief that his sentence is cruel and unusual appears to have been exhausted when the California Supreme Court denied his claim on April 9, 2014. See Lodgment 13, Cal. Sup. Ct. Order.[1] In addition, as Respondent explains in the Motion, it appears People v. Franklin, 63 Cal. 4th 261, 287, 370 P.3d 1053, 1067 (2016), which is the basis for Petitioner's Request, may provide Petitioner with an opportunity to place mitigating evidence in the trial record to aid the Parole Board at an eventual parole hearing. While Franklin may shed some light on how to analyze Petitioner's federal habeas claim, it does not appear to render the Petition moot.

Therefore, Petitioner is ordered to file a response **no later than November 17, 2016** choosing from one of the following options:

---

[1] The Court's references to Lodgments refer to the documents lodged by Respondent in support of Respondent's November 19, 2014 Motion to Stay Case. See dkt. 7.

**Option 1:** Petitioner may file an opposition to Respondent's Motion.

**Option 2:** Petitioner may file a notice of non-opposition to Respondent's Motion.  If Petitioner chooses Option 2, the Court will lift the stay and order that Respondent file a response to the Petition so that the Court may consider Petitioner's claim on the merits.

**Option 3:** Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a).  **A Notice of Dismissal form is attached for Petitioner's convenience.**  The Court advises Petitioner, however, that if Petitioner should later attempt to again raise any dismissed claims in a subsequent habeas petition, those claims may be time-barred under the statute of limitations in Title 28 of the United States Code section 2244(d)(1).  28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

**The Court expressly warns Petitioner that failure to timely file a response to this Order will result in the Court dismissing this action without prejudice for his failure to comply with court orders and failure to prosecute.  See Fed. R. Civ. P. 41(b).**

**IT IS SO ORDERED.**